FILED '07 JUN 15 12:56 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL RAY REKOW,              )
                                )
          Petitioner,           )    Civ. No.  06-82-TC
                                )
     vs.                        )
                                )
                                )
                                )    FINDINGS AND RECOMMENDATION
                                )
GUY HALL,                       )
                                )
          Respondent.           )
_____ )

Coffin, Magistrate Judge:

Petitioner petitions for a writ of habeas corpus on the basis of ineffective assistance of counsel and denial of due process. For the reasons that follow, the petition (#2) should be denied.

BACKGROUND

Petitioner was arrested at a residence in Waldport, Oregon, after shooting his girlfriend in the face and admitting his actions to a 9-1-1 operator and police. He was charged by grand jury indictment with (1) attempted murder with a firearm and (2) assault in the first degree with a firearm. Resp. Ex. 102. He pleaded not guilty. After a four-day trial, the jury returned guilty verdicts on both counts. Resp. Ex. 101. Petitioner was sentenced to consecutive terms of 90 months for attempted murder and 120 months for first-degree assault. Resp. Ex. 101.

On direct appeal, petitioner challenged his sentence under

1 Findings and Recommendation

the federal equal protection clause.  The Oregon Court of Appeals affirmed without an opinion, and the Oregon Supreme Court denied further review.  Resp. Ex. 103, 105-107.

Before the post-conviction court, petitioner raised five claims of trial court error and 14 specifications of ineffective assistance by trial and appellate counsel.  The Umatilla County Court denied relief.  Petitioner appealed the post-conviction court's ruling on one claim of ineffectiveness of trial counsel. The Oregon Court of Appeals granted the state's motion for summary affirmance, and the Oregon Supreme Court denied review. Resp. Ex. 108, 124-130.

In the petition for writ of habeas corpus before this court, petitioner asserts the following claims:

I.    Ineffective Assistance of Trial Counsel, based on alleged:

   A.    failure to adequately argue that the prosecution did not demonstrate that a handgun qualifies as a deadly weapon under the relevant statute;

   B.    failure to adequately argue against the imposition of consecutive sentences;

   C.    failure to adequately challenge the court's consideration of the victim's request for a severe sentence;

   D.    failure to challenge the sentencing on the basis of judicial bias;

   E.    failure to challenge the use of videotaped testimony of the victim;

   F.    failure to object to evidence concerning the "prejudicial results of the crimes and their effects";

   G.    failure to reference, in closing argument, trial testimony characterizing the shooting as an accident;

2 Findings and Recommendation

H.    failure to object to the prosecution's assertion that the weapon was found with a round in the chamber despite testimony that the weapon was empty; and,

i.    failure to object to evidence concerning the severity of the victim's injuries.

II.   Ineffectiveness of Appellate Counsel, based on alleged:

A.    failure to argue that the prosecution did not demonstrate that the handgun qualified as a deadly weapon under relevant statute;

B.    failure to argue that consecutive sentencing was not authorized because defendant demonstrated criminal intent for only one crime;

C.    failure to argue that the statement of an officer at the scene describing his impression that the victim would not survive was unduly prejudicial;

D.    failure to argue that testimony concerning the severity of the victim's condition, admitted after defendant stipulated to her injuries, was unduly prejudicial;

E.    failure to argue that denial of an extreme emotional disturbance defense was unconstitutional;

F.    failure to argue that the sentencing decision was a product of judicial bias;

G.    failure to argue the ineffectiveness of petitioner's trial attorney;

H.    failure to argue that videotaped testimony of victim should not be admitted because victim was available to testify;

I.    failure to argue defense counsel's ineffectiveness in not emphasizing the testimony of a witness who characterized the incident as an accident;

J.    failure to object to the prosecutor's representation that the weapon was recovered loaded with a round;

K.    failure to argue the ineffectiveness of petitioner's trial counsel in not objecting to victim's testimony seeking imposition of the maximum possible sentence; and,

3 Findings and Recommendation

L.    failure to argue the ineffectiveness of petitioner's trial attorney in improperly challenging the imposition of consecutive sentences.

III.    Denial of due process, based on the alleged inadequacy of the post-conviction trial attorney.


Respondent contends that, because petitioner's claims are unexhausted and defaulted, this court may not reach the merits of the petition and dismissal is warranted.  For the reasons that follow, respondent is correct.


STANDARDS

A. Exhaustion

28 U.S.C. § 2254(b)(1) requires a petitioner to "exhaust[] the remedies available in the courts of the State" prior to seeking federal habeas corpus relief.  The exhaustion requirement, rooted in the "adequate and independent" state grounds doctrine, ensures against intervention by the federal habeas court unless that state courts have had the opportunity to act on the petitioner's claims and correct them.  Duncan v. Henry, 513 US 364, 365, 115 S. Ct, 887, 130 L. Ed. 2d 865 (1995). A claim is fairly presented in a state court when the legal basis of the federal constitutional claim properly before the court; explaining only the facts on which the claim is based claim is insufficient.  Picard v. Connor, 404 U.S. 270, 275-76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).  A claim is not fairly presented when it is raised in a "procedural context in which its merits

will not be considered." <u>Castille v. Peoples</u>, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

B. Procedural Default

In addition to properly seeking available remedies, a petitioner is required to ensure that the relevant tribunals had the opportunity to address the claim that is later articulated in the habeas petition. <u>Coleman v. Thompson</u>, 501 U.S. 722, 730-32, n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Otherwise, "habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws." <u>Id.</u> at 731. When "the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement [finds] the claims procedurally barred," the petitioner's default ordinarily bars the habeas claim. <u>Id.</u> at 735, n.1.

The federal court will not review the defaulted claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issues to the highest state court or demonstrates that failure to consider the claims will result in "a fundamental miscarriage of justice." <u>Wainwright v. Sykes</u>, 433 U.S. 72, 91, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S. Ct. 639, 91 L.Ed.2d 397 (1986).

<u>ANALYSIS</u>

I.   Ineffective Assistance of Trial Counsel Claims

Petitioner has failed to exhaust state remedies for relief

5 **Findings and Recommendation**

from ineffective assistance of trial counsel on Grounds I(A)-(E) and I(G)-(i). Ground I(i) was not raised in petitioner's state petition for post-conviction relief, nor in the post-conviction appeals. Resp. Ex. 108, 124. The claim was not fairly presented to any state court; because it is unexhausted and defaulted, this court will not consider it. See Carriger v. Lewis, 971 F.2d 329, 333-34 (9th Cir. 19992) (new bases for ineffective assistance not included in state petition are unexhausted); ORS 138.550(3) (any grounds not asserted in the original or amended petition are deemed waived).

Grounds I(A)-(E) and I(G)-(H) were not raised in petitioner's state post-conviction appeal to the Oregon Court of Appeals. Resp. Ex. 124. That court affirmed the post-conviction court without issuing a memorandum opinion. Under Oregon Rule of Appellate Procedure 5.45, petitioner was required to set forth, as assignments of error, assertions that the post-conviction court erred in declining to afford relief on those grounds. Failure to do so precludes review unless the Court of Appeals determines that the errors are plain on the face of the record. Or. R. App. Proc. 5.45. As a prerequisite to considering the merits of those claims, the Court of Appeals must articulate why it deems the error plain and why it is exercising its discretion to review the unpreserved error. Ailes v. Portland Meadows, Inc., 312 Or 376, 382 (1991). Because the Oregon Court affirmed the post-conviction court without characterizing any of the asserted errors as plain, it did not reach the merits of those grounds. Those claims are unexhausted and defaulted; thus, adequate and independent state grounds justify petitioner's

6 Findings and Recommendation

incarceration.

Ground I(F) was presented as an allegation of ineffective assistance in petitioners amended post-conviction petition. Resp. Ex. 108.    That ground states that petitioner's trial counsel was ineffective for "not adequately objecting to and preventing the court's allowance of the prejudicial results of the crimes and their effects, when these points have no biased [sic] as to a determination of guilt."   The  assignment of error to  the  Oregon  Court  of  Appeals,  however,  alleged  that petitioner's trial counsel was ineffective for failing to argue that when presented with an offer to stipulate to an element on which prejudicial evidence would have been admitted, the court must require the adverse party "to accept the stipulation so as to forestall admission of prejudicial evidence." Resp. Ex. 124, pp. i, 2.

In its brief to the Oregon Court of Appeals, the state asserted that the court should summarily affirm on the basis that petitioner's error was unpreserved and therefore did not present a substantial question of law.    Resp. Ex. 125; and see ORS 138.660 (permitting  summary  affirmance  if  "no  substantial question  of  law  is  presented  by  the  appeal").   The post-conviction trial record reveals that the particular error raised on appeal was not brought to the attention of the post-conviction trial court.  Moreover, that court was apprised that petitioner's defense counsel did, in fact, attempt to persuade the court to exclude prejudicial evidence, and admission was attributable not to trial counsel but to judicial error that should have been raised on direct appeal.  Resp. Ex. 121, Tr. 17-18.

7 Findings and Recommendation

The record does not indicate that the Oregon Court of Appeals considered the merits of petitioner's assertion of ineffective assistance described in Ground I(F); rather, the record comports with the state's argument that the ground was unpreserved in the post-conviction trial record and that petitioner's failure to preserve precluded consideration of the merits on appeal.  In other words, petitioner presented his claim in a "procedural context in which its merits would not be considered."  <u>Coleman v. Thompson</u>, 501 U.S. at 750.  For these reasons, this court determines that Ground I(F) is defaulted and inappropriate for consideration on habeas review.

II.  Ineffective Assistance of Appellate Counsel Claims

Grounds II(G)-(L) were not raised in petitioner's state petition for post-conviction relief or in the post-conviction appeals.  Resp. Ex. 108, 124.  The claims were not fairly presented to any state court; because they are unexhausted and defaulted, this court will not consider them.

Grounds II(A)-(H), though raised in petitioner's state petition for post-conviction relief, were not advanced on post-conviction appeal.  Resp. Ex. 108, 124.  Petitioner's failure to do so renders those claims unexhausted and precludes review of the merits in this court.

Petitioner asserts the court should nonetheless review Ground II(B).  In petitioner's view, his appellate counsel failed to adequately argue that the imposition of consecutive sentences violated due process because "[t]o assign the injuries" stemming from a single gunshot wound "to a specific count" of either

8 **Findings and Recommendation**

attempted murder or aggravated assault for purposes of imposing consecutive sentences under the relevant statute "is arbitrary and capricious and necessarily implies an intent to commit each crime." Petitioner's Memorandum, p. 5. Petitioner contends that he instructed his appellate attorney to pursue the argument, but the attorney failed to do so.

By declining to raise the matter in his post-conviction appeal, petitioner has failed to exhaust the claim. Petitioner asserts in argument to this court that he instructed his post-conviction appellate attorney to the point and that the attorney declined to do so. Petitioner does not, however, argue that any exceptions to the exhaustion doctrine enable this court to reach the merits of his claim. Even if petitioner had successfully exhausted his claim, there is no indication that his appellate attorney acted unreasonably in declining to advance petitioner's sentencing argument, where no precedent precluded imposition of consecutive sentences on petitioner's asserted reasoning.[1]

---

[1] Petitioner suggests that a case decided after his sentencing, State v. Warren, 168 Or. App. 1, 5 P.3d 1115, review denied, 330 Or. 412, 8 P.3d 220 (2000), construed the relevant statute, ORS 137.123(5)(a), to disallow consecutive sentences under similar facts, and its reasoning supports petitioner's contention that his appellate counsel provided ineffective assistance. Petitioner's assertion is problematic, inasmuch as Warren held that consecutive sentences may be imposed for attempted murder and first-degree assault where a "defendant intended to kill the victim and that he acted volitionally to cause the victim serious physical injury" where the sentencing court so finds. 168 Or. App. at 6. Regardless of whether petitioner's assertions concerning his instructions to his appellate counsel are accurate, whether his counsel provided constitutionally adequate representation rests on the reasonableness of his or her decision based on prevailing standards at the time of the representation. See Strickland v.

9 Findings and Recommendation

In sum, petitioner's ineffective assistance of appellate counsel claims are unexhausted and defaulted and should be dismissed.

III. Due Process Claim

Petitioner asserts that he is being held in violation of the United States Constitution because his post-conviction counsel was inadequate for failing to advance his arguments against consecutive sentencing. Petitioner also contends that, despite petitioner's requests, his appellate post-conviction attorney chose not to assert the unpreserved claim in petitioner's appeal.

As the state correctly argues, petitioner's claim fails because petitioner has not demonstrated a constitutional error, inasmuch as there is no constitutional right to an attorney in post-conviction proceedings. Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993). Moreover, petitioner did not argue that his post-conviction trial counsel was inadequate before the post-conviction court or on appeal. Though such an argument seems hardly viable in light of the lack of any constitutional error, petitioner was required to exhaust avenues for relief that were

_____

Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Declining to put forth petitioner's argument where facts would have supported a finding that defendant intended to kill his girlfriend and to cause her serious harm would not have constituted deficient representation. See Wildman v. Johnson, 261 F.3d 832, 842 (9th Cir. 2001) (in habeas action, holding that appellate counsel did not provide ineffective assistance in deciding not to challenge consecutive sentences under ORS 137.123 where facts supported a finding that the petitioner intended to kill and inflict serious bodily harm to his victim; petitioner's sentencing pre-dated Warren).

10 Findings and Recommendation

available to him prior to bringing this action, and he failed to do so.  He does not argue that any exception to the exhaustion doctrine should apply.  The claim warrants dismissal.

CONCLUSION

Petitioner's petition for writ of habeas corpus (#2) should be denied, and this case should be dismissed.  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Dated this 15 day of June, 2007.


_____
THOMAS M. COFFIN
United States Magistrate Judge

11 Findings and Recommendation